THOMAS P. SMITH & others *vs.* ASAHEL A. KELLEY.

An infant bought goods, that were not necessaries, and the sellers, three days before he came of age, brought an action against him for the price, and attached the goods on their writ: The goods remained in the hands of the attaching officer, at the time of the trial of the action, and the defendant gave no notice to the plaintiffs, after he came of age, of his intention not to be bound by the contract of sale. *Held*, that there was not a ratification of the contract of sale, by the defendant, and that the action could not be maintained.

ASSUMPSIT for goods sold and delivered. At the trial in the court of common pleas, before *Wells*, C. J. the defendant relied on his infancy, in defence, and the plaintiffs admitted that the goods sold by them to him were not necessaries. Both parties admitted that the goods were sold to the defendant on the 17th of December 1845 ; and the defendant introduced evidence that he was twenty one years old on the 7th of February 1846.

There was evidence tending to show that part of said goods were attached by the plaintiffs, on the writ in this suit, on the 4th of February 1846 ; and there was no evidence that the goods so attached had been restored to the defendant ; but it appeared that they were held under attachment at the time of the trial.

The judge instructed the jury, that "if they believed the defendant did not arrive at the age of twenty one years until the 7th of February 1846, and that he had at no time, after he arrived at the age of twenty one years, the actual possession and control of any of the goods sold to him by the plaintiffs, yet if they believed that any part of the goods, so sold by the plaintiffs to the defendant, were attached on the plaintiffs' writ, on the 4th of February 1846, and possession of them was retained by the attaching officer, the defendant must be considered as having affirmed the contract of sale, after he became of full age, unless, within a reasonable time after becoming of age, he in some way notified to the plaintiffs his intention not to be bound by the contract, on the ground of infancy."

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions to the instructions given to the jury.

*J. G. Abbott,* for the defendant, was stopped by the court.

*Wentworth,* for the plaintiffs, cited *Boyden* v. *Boyden,* 9 Met. 519, and *Cheshire* v. *Barrett,* 4 McCord, 241.

Shaw, C. J.   The infancy of the defendant, at the time the contract was made, being shown, and it being admitted that the goods sold were not necessaries, the defendant was entitled to judgment, unless the plaintiffs could prove a promise of the defendant, after he came of age, to pay the debt contracted whilst he was under age.   The previous debt, founded on a contract, invalid in law for the cause that the defendant had not legal capacity to make it, would be undoubtedly a good consideration to support an express promise. A mere acknowledgment of the promise made in infancy is not sufficient.   The act relied on as a ratification must amount to a promise or undertaking to pay it.   *Ford* v. *Phillips,* 1 Pick. 202.   *Smith* v. *Mayo,* 9 Mass. 64.   In a recent case, *Boyden* v. *Boyden,* 9 Met. 519, cited by the plaintiffs' counsel, it was held, that when a promissory note was given by a minor, for personal property capable of being surrendered and restored, if the defendant, after coming of age, used the property as his own, or sold it, or kept it a long time, it was evidence from which a jury might infer an intent to ratify the contract ; which he might elect to do.   But, ratification being an entire act, if he did it in part, he must do it *in toto.*   Such use of the property, therefore, would be evidence of a new promise to pay the debt.   But this, we think, must be a voluntary act on the part of the minor ; and in order that a jury may infer such promise from the act of the minor, after he comes of age, it must be a voluntary act which manifests his intention to keep the property, when he has the power to keep or relinquish it, at his election.   If he had not such actual possession and control of the goods, or made no sale or disposition of them, after he came of age, and before action brought, there was no evidence on which a jury could find a

new promise and ratification; and the burden being on the plaintiffs to prove such new promise, the issue must be for the defendant. If the defendant had no such possession of the goods, or power over them, or disposition of them, no notice, on his part, was necessary, of his intention to vacate the contract, in order to establish his defence.

The directions of the judge to the jury having been contrary to these views, the court are of opinion that they were incorrect; that the verdict was wrong, and must be set aside; and that a new trial be granted, to be had in this court, unless the plaintiffs shall elect to become nonsuit.